**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

KC FILED

NOV 0 7 2007
nov 0 7 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| UNITED WISCONSIN INSURANCE CO., d/b/a UNITED HEARTLAND, INC.,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>TEMPERATURE EQUIPMENT CORP., and  )<br>MATTHEW HETZEL,  )<br>  )<br>Defendants.  ) | **07CV6315**<br>**JUDGE DARRAH**<br>**MAGISTRATE JUDGE BROWN** |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Now comes the Plaintiff, United Heartland, Inc., by and through its attorney, Ellen Emery

of Ancel Glink, Diamond, Bush, DiCianni, & Krafthefer, PC, and for its Complaint for

Declaratory Judgment against Defendants, Temperature Equipment Corporation ("TEC") and

Matthew Hetzel ("Hetzel"), alleges the following:

**The Parties**

1.    Plaintiff, United Wisconsin Insurance Company, d/b/a United Heartland, Inc., is a

Wisconsin corporate entity with its principle place of business in Milwaukee, Wisconsin.

2.    Defendant, Temperature Equipment Corporation, is a corporation organized under

the laws and statutes of the state of Illinois and is located in the Village of Lansing, County of

Cook, and State of Illinois.

3.    Matthew Hetzel, an individual, is a resident of the State of Illinois.

**Jurisdiction and Venue**

4.      This Court has diversity jurisdiction over this action pursuant to 28 U.S.C.

§1332(a)(1) in that the Plaintiff is a citizen of the state of Wisconsin and the Defendants are

citizens of Illinois, and the amount in controversy is in excess of $75,000.00.

5.      Venue is proper in this Court pursuant to 28 U.S.C. §1332(a)(1) and (c)(1) in that

the parties are citizens of different states, and that the Defendant TEC has its principle place of

business in this Judicial District, and all, or substantially all, of the events or omissions giving

rise to the claim occurred in this Judicial District.

**Factual Background**

6.      On April 4, 2004 Matthew Hetzel, an employee of Temperature Equipment

Corporation, allegedly suffered a back injury, or the aggravation of a prior injury, at work. Some

medical records suggest that Hetzel may have had a prior injury to his back.

7.      On April 11, 2004, Renee Calcarazzo, TEC Benefits Administrator, authorized

payments for medical procedures to be performed on Hetzel, including follow up treatment after

an epidural steroid injection.

8.      On April 18, 2006, TEC authorized all bills from Hetzel's pain management

physician to be forwarded to TEC for payment.

9.      On May 11, 2006, Hetzel's physician requested written workers' compensation

approval to perform a decompressive laminectomy.

10.      On June 16, 2006, TEC directed Ingalls Hospital to forward all invoices to its

Benefits Department for payment, and specifically authorized the surgery for decompressive

laminectomy.

2

11.    During the period between April, 2004, and the Fall of 2006, invoices and authorizations for treatment of Hetzel's "work related" condition were routinely requested by and paid for by TEC.

12.    One year after this alleged work place injury, on April 4, 2007, Hetzel filed an Application for Adjustment of Claim with the Illinois Workers' Compensation Commission.

13.    On April 18, 2007, the claim was forwarded by TEC to United Heartland which began processing on April 30, 2007.

14.    On July 26, 2007 United Heartland sent TEC a reservation of rights letter regarding coverage of the Hetzel claim.  A copy of that letter is attached as Exhibit A.

### The TEC Workers' Compensation Policy

15.    United Wisconsin Insurance Company, d/b/a United Heartland, Inc., issued a policy of workers' compensation insurance providing coverage from May 1, 2003 through May 1, 2004 with $500,000 limit for bodily injury per each accident for each employee, bearing a Policy Number 0700005338.  A certified true and correct copy of the aforesaid policy of insurance is attached hereto as Exhibit B.

### Tender of Defense

16.    United Heartland is currently defending the Hetzel claim under a reservation of rights, but elects to seek a Declaratory Judgment that there is no coverage.

3

## Count I

### (Declaratory Judgment Re: No Duty to Defend, Indemnify, or Cover by United Heartland under Workers' Compensation Policy)

17.     United Heartland adopts and repeats the allegations of paragraphs 1 through 16 and for paragraph 17 hereof, as though the same were fully set forth herein.

18.     United Heartland contends that it has no duty to defend TEC under the policy for one, or more, or all of the following reasons:

        a.    the insured did not act with due diligence in providing notice of an occurrence to insurer;

        b.    the insurer did not receive reasonable notice of an occurrence, and was therefore prejudiced by not being able to investigate the injury or engage in medical management of the claim prior to TEC's authorization of medical procedures and payment of medical bills;

        c.    TEC authorized and paid for over $36,000 in medical bills for Matthew Hetzel without giving United Heartland and opportunity to participate in Hetzel's claim; and

        d.    TEC did not consult United Heartland regarding any discourse between it and Hetzel, or his medical providers, nor did TEC involve United Heartland in any of the handling of the claim.

19.     United Heartland has additional coverage defenses which would apply to any duty to indemnify TEC or Hetzel ; given that the underlying case remains unresolved, and adjudication of these issues would not be ripe at this juncture, and would become moot if the Court finds no duty to defend. Therefore, these additional defenses have not been pled nor are they waived.

4

20. The above contentions of United Heartland are, on information and belief, denied by TEC who, in turn, contend that they are entitled to coverage under the United Heartland workers' compensation policy of insurance. United Heartland denies the contrary contentions of TEC.

21.      By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to 28 U.S.C. §1332, this Court has the power to declare and adjudicate the rights and liabilities of parties hereto under the terms and provisions of the policy of insurance referred to herein and to adjudicate the final rights of all parties and, give such other and further relief as may be necessary to enforce the same.

WHEREFORE, the Plaintiff United Heartland prays that this Court enter judgment finding and declaring the rights of the parties as follows:

A.      That United Heartland, United Wisconsin Insurance Company, or any of their subsidiaries or affiliates, has no duty or obligation to provide a defense to TEC for workers compensation benefits, or any other benefits, arising from Hetzel's April 4, 2004 back injury, or subsequent treatment, pursuant to its workers' compensation policy bearing Policy Number 0700005338.

B.      That United Heartland, United Wisconsin Insurance Company, or any of their subsidiaries or affiliates, has no duty or obligation to indemnify TEC or Matthew Hetzel for a claim for workers' compensation by Hetzel, pursuant to its workers' compensation policy bearing Policy Number 0700005338.

C.      That the Court grant United Heartland such other and further relief as the Court deems fit and just under the circumstances.

5

D.    That United Heartland be awarded, and have and recover its just and reasonable costs incurred herein, and have executing issue therefore.

Respectfully submitted,

UNITED WISCONSIN INSURANCE CO.,
d/b/a UNITED HEARTLAND, INC.

By: _____
        Ellen K. Emery

Ellen K. Emery
ANCEL, GLINK, DIAMOND, BUSH, DICIANNI & KRAFTHEFER, P.C.
140 South Dearborn Street, Sixth Floor
Chicago, Illinois  60603
(312) 782-7606
(312) 782-0943 Fax

Exhibit
A



**United Heartland**
*Managing Risk. Insuring Success.*

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com.

**OFFICIAL USE**

| | | |
|---|---|---|
| Postage | $ | .41 |
| Certified Fee | | 2.65 |
| Return Receipt Fee (Endorsement Required) | | 2.15 |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | 5.21 |

Postmark Here ROSEMONT STATION 2007 U.S.P.S. 60018-9998

Sent To *TeMPeratunc Equipment*
Street, Apt. No.; or PO Box No. *17725 Volsrecht Rd.*
City, State, ZIP+4 *Lansing, IL 60438*

PS Form 3800, June 2002    See Reverse for Instructions

7002 7523 0005 0100 1870

July 27, 2007

Temperature Equipment Corp
Attn: Will Petersen
17725 Volbrecht Road
Lansing, IL  60438

VIA CERTIFIED MAIL

Re:    Claim No.:        0704-1527
       Injured Worker:  Matthew Hetzel
       Insured:         Temperature Equipment C
       Date of Loss:    04/07/2004
       Policy Number:   0700005338

Dear Mr. Petersen:

We have received notice of an occurrence, which took place at Temperature Equipment Corporation on approximately April 7, 2004. As a result of this occurrence coverage has been requested under policy number 0700005338, which was issued to Temperature Equipment Corporation by United Heartland. There is a question whether coverage under the policy applies to this occurrence.

Please note Part Four of our Workers Compensation and Employers Liability Insurance Policy:

**Your Duties if Injury Occurs**
**Tell us at once if injury occurs that may be covered by this policy. Your other duties are listed here:**
1.   **Provide for immediate medical and other services required by the workers compensation law.**
2.   **Give us or our agent the names and addresses of the injured persons and of witnesses, and other information we may need.**
3.   **Promptly give us all notices, demands and legal papers related to the injury, claim, proceeding or suit.**
4.   **Cooperate with us and assist us, as we may request, in the investigation, settlement or defense of any claim, proceeding or suit.**
5.   **Do nothing after an injury occurs that would interfere with our right to recover from others.**
6.   **Do not voluntarily make payments, assume obligations or incur expenses, except at your own cost.**

United Heartland will continue handling this claim even though a coverage question exists. However, no act of any company representative while investigating, negotiating settlement of the claim or defending a lawsuit shall be construed as waiving any Company rights. The company reserves the right, under the policy, to deny coverage to you or anyone claiming coverage under the policy.

There may be other reasons why coverage does not apply. We do not waive our right to deny coverage for any other valid reason, which may exist.

You may wish to discuss this matter with your own personal attorney. In any event, we would be pleased to answer any questions you might have concerning our position as outlined in this letter. I may be reached at (847) 696-1800 extension 538. I am available Monday through Friday from 7:00am – 4:00pm

Sincerely,

Barbara Bailey
Claims Manager for United Heartland

P.O. Box 675 • Rosemont, Illinois  60017
(847) 696-1800 • Fax  (847) 696-1823

Exhibit

B

(Ed. 4-84)

## WAIVER OF OUR RIGHT TO RECOVER FROM OTHERS ENDORSEMENT

We have the right to recover our payments from anyone liable for an injury covered by this policy. We will not enforce our right against the person or organization named in the Schedule. (This agreement applies only to the extent that you perform work under a written contract that requires you to obtain this agreement from us).

This agreement shall not operate directly or indirectly to benefit any one not named in the Schedule.

Schedule

CONTRACTOR:            **Board of Education of the City of Chicago**
                       **C/O Aon Risk Inc**
                       **200 E Randolph St - 11th Floor**
                       **Chicago, IL 60601**

PROJECT:               **Solomon School, Chicago, IL - Capital Improvement Program**

ESTIMATED PAYROLL:     $

POLICYHOLDER:          **Temperature Equipment Corp**

EFFECTIVE:             **June 15, 2003**

Premium charge for endorsement to be finalized at audit.

**This endorsement changes the policy to which it is attached
and is effective on the date issued unless otherwise stated.**

(The information below is required only when this endorsement is issued
subsequent to preparation of the policy.)

Endorsement Effective: **June 15, 2003**        Policy No.  **0700005338**   Endorsement No.        **003**
                                                   **ILLINOIS**

Insured: **Temperature Equipment Corp**                             Premium        **$72,334**

Insurance Company:    United Wisconsin Insurance Company

                                            Countersigned by _____
                                                             September 3, 2003

NCCI Carrier Code:      24244                    **Policy Effective Date:  2003-05-01**

WC 00 03 13                                                      (Ed. 4-84)

Copyright 1983 National Council on Compensation Insurance.

**WC 174**
(Ed. 4-84)

# WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY
## EXTENSION OF INFORMATION PAGE

Policy Number  0700005338

4. Premium

| Classification | Code # | Premium Basis Total Estimated Annual Remuneration | Rate Per $100 Of Remuneration | Estimated Annual Premium |
|---|---|---|---|---|
| ***Illinois*** | | | | |
| STORE: WHOLESALE-NOC | 8018 | 1,207,405 | 5.09 | 61,457 |
| SALESPERSONS OUTSIDE | 8742 | 3,552,578 | 0.53 | 18,829 |
| CLERICAL OFFICE EMPLOYEES NOC | 8810 | 3,612,088 | 0.30 | 10,836 |
| | | | | |
| Base Premium | | | | 91,122 |
| Waiver of Subrogation Program | 0930 | | | 500 |
| Increase Limit Factor | 9807 | | 1.70% | 1,549 |
| IL $1,000 Deductible Factor | 9931 | | 4.10% | (3,736) |
| Experience Modification | | | 0.84 | (14,310) |
| Premium Discount(Stock) | 0063 | | 10.2% | (7,639) |
| Expense Constant | 0900 | | | 260 |
| Terrorism Risk Insurance Act | 9740 | 8,372,071 | 5.00% | 4,186 |
| | | | | |
| Estimated Annual Premium | | | | 71,932 |
| ***Indiana*** | | | | |
| SALESPERSONS OUTSIDE | 8742 | 117,200 | 0.37 | 434 |
| CLERICAL OFFICE EMPLOYEES NOC | 8810 | 17,800 | 0.24 | 43 |
| | | | | |
| Base Premium | | | | 477 |
| Increase Limit Factor | 9807 | | 1.70% | 8 |
| Experience Modification | | | 0.84 | (78) |
| Premium Discount(Stock) | 0063 | | 7.9% | (32) |
| Terrorism Risk Insurance Act | 9740 | 135,000 | 2.00% | 27 |
| | | | | |
| Estimated Annual Premium | | | | 402 |

Total Estimated Annual Premium $        72,334.00

# INSTALLMENT ENDORSEMENT

It is hereby agreed and understood that the premium is to be paid
on an installment basis as follows:

**Premium:**          $72,334.00

**Deposit Amount:**

**Payment Description:**   25% Down, 9 Equal

|    | Due Date | Amount Due |
|----|----------|------------|
| 1  | 5/1/03   | $18,001.00 |
| 2  | 6/1/03   | $5,998.00  |
| 3  | 7/1/03   | $6,021.00  |
| 4  | 8/1/03   | $6,018.00  |
| 5  | 9/1/03   | $6,018.00  |
| 6  | 10/1/03  | $6,058.00  |
| 7  | 11/1/03  | $6,055.00  |
| 8  | 12/1/03  | $6,055.00  |
| 9  | 1/1/04   | $6,055.00  |
| 10 | 2/1/04   | $6,055.00  |
|    | **Total Amount Due** | $72,334.00 |

This endorsement, effective **5/1/03**   , forms a part of policy number **0700005338**
dated  **5/1/03**    (12:01 a.m. central standard time).

Issued to: **Temperature Equipment Corp**
Issued by: _____

All other term and conditions of this policy remain unchanged.
INST 5-90

## WAIVER OF OUR RIGHT TO RECOVER FROM OTHERS ENDORSEMENT

We have the right to recover our payments from anyone liable for an injury covered by this policy. We will not enforce our right against the person or organization named in the Schedule. (This agreement applies only to the extent that you perform work under a written contract that requires you to obtain this agreement from us).

This agreement shall not operate directly or indirectly to benefit any one not named in the Schedule.

### Schedule

| | |
|---|---|
| CONTRACTOR: | Graycor Construction Company Inc<br>1 Graycor Dr<br>Homewood, IL 60430-4618 |
| | St Alexius Medical Center<br>1555 N Barrington Rd<br>Hoffman Estates, IL 60194-1018 |
| PROJECT: | St Alexius Medical Center Endoscopy/GI Lab<br>1555 N Barrington Rd<br>Hoffman Estates, IL 60194-1018 |
| ESTIMATED PAYROLL: | $ |
| POLICYHOLDER: | Temperature Equipment Corp |
| EFFECTIVE: | May 1, 2003 |

Premium charge for endorsement to be finalized at audit.

**This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.**

(The information below is required only when this endorsement is issued subsequent to preparation of the policy.)

Endorsement Effective: **May 1, 2003**        Policy No.    **0700005338**    Endorsement No.        002
                                                        **ILLINOIS**

Insured: **Temperature Equipment Corp**                          Premium            $72,146

Insurance Company:    United Wisconsin Insurance Company

                                        Countersigned by _____
                                                            June 11, 2003

**NCCI Carrier Code:**        24244                **Policy Effective Date:**    2003-05-01

WC 00 03 13                                                        (Ed. 4-84)

Copyright 1983 National Council on Compensation Insurance.

**WC 174**
(Ed. 4-84)

# WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY
## EXTENSION OF INFORMATION PAGE

Policy Number   0700005338

4. Premium

| Classification | Code # | Premium Basis<br>Total Estimated<br>Annual Remuneration | Rate Per<br>$100 Of<br>Remuneration | Estimated<br>Annual<br>Premium |
|---|---|---|---|---|
| *Illinois* | | | | |
| STORE: WHOLESALE-NOC | 8018 | 1,207,405 | 5.09 | 61,457 |
| SALESPERSONS OUTSIDE | 8742 | 3,552,578 | 0.53 | 18,829 |
| CLERICAL OFFICE EMPLOYEES NOC | 8810 | 3,612,088 | 0.30 | 10,836 |
| | | | | |
| Base Premium | | | | 91,122 |
| Waiver of Subrogation Program | 0930 | | | 250 |
| Increase Limit Factor | 9807 | | 1.70% | 1,549 |
| IL $1,000 Deductible Factor | | | 4.10% | (3,736) |
| Experience Modification | | | 0.84 | (14,270) |
| Premium Discount(Stock) | 0063 | | 10.2% | (7,617) |
| Expense Constant | 0900 | | | 260 |
| Terrorism Risk Insurance Act | 9740 | 8,372,071 | 5.00% | 4,186 |
| | | | | |
| Estimated Annual Premium | | | | 71,744 |
| *Indiana* | | | | |
| SALESPERSONS OUTSIDE | 8742 | 117,200 | 0.37 | 434 |
| CLERICAL OFFICE EMPLOYEES NOC | 8810 | 17,800 | 0.24 | 43 |
| | | | | |
| Base Premium | | | | 477 |
| Increase Limit Factor | 9807 | | 1.70% | 8 |
| Experience Modification | | | 0.84 | (78) |
| Premium Discount(Stock) | 0063 | | 7.9% | (32) |
| Terrorism Risk Insurance Act | 9740 | 135,000 | 2.00% | 27 |
| | | | | |
| Estimated Annual Premium | | | | 402 |

Total Estimated Annual Premium $                72,146.00

## POLICY INFORMATION PAGE ENDORSEMENT

The following item(s):

| | |
|---|---|
| [ ] Insured's Name                (WC 89 06 01) | [ ] Item 3.A. States              (WC 89 06 11) |
| [ ] Policy Number                 (WC 89 06 02) | [ ] Item 3.B. Limits              (WC 89 06 12) |
| [ ] Effective Date                (WC 89 06 03) | [ ] Item 3.C. States              (WC 89 06 13) |
| [ ] Expiration Date               (WC 89 06 04) | [ ] Item 3.D. Endorsement Numbers (WC 89 06 14) |
| [ ] Insured's Mailing Address (WC 89 06 05) | [ ] Item 4.* Class, Rate, Other (WC 89 04 15) |
| [ ] Experience Modification    (WC 89 04 06) | [ ] Interim Adjustment of Premium (WC 89 04 16) |
| [ ] Producer's Name               (WC 89 06 07) | [ ] Carrier Servicing Office      (WC 89 06 17) |
| [ ] Change in Workplace of Insured | [ ] Interstate/Intrastate Risk I.D. Number |
|                                   (WC 89 06 08) |                                   (WC 89 06 18) |
| [ ] Insured's Legal Status    (WC 89 06 10) | [ ] Carrier Number                (WC 89 06 19) |
| [X] Other | [ ] Issuing Agency/Producer Office Address |
| | (WC 89 06 25) |

is changed to read:     Delete WC 00 03 01 A     Delete WC 13 03 01
                        Delete WC 13 06 02       Delete WC 13 06 03
                        Delete WC 13 06 04       Delete WC 14 06 01

*Item 4. Change To:

| Classification | Code No. | Premium Basis: Total Estimated Annual Remuneration | Rate per $100 of Remuneration | Estimated Annual Premium |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | Total Estimated Annual Premium | $ | |
| Minimum Premium        $ | | | Deposit Premium | $ |

All other terms and conditions of this policy remain unchanged.

**This endorsement changes the policy to which it is attached and is effective
on the date issued unless otherwise stated.**

**(The information below is required only when this endorsement is issued
subsequent to preparation of the policy.)**

Endorsement Effective: **May 1, 2003**          Policy No.   0700005338  Endorsement No.          001
                                         ILLINOIS
Insured: **Temperature Equipment Corp**                          Premium          $71,983

Insurance Company:      United Wisconsin Insurance Company

                                         Countersigned by _____
                                                           **May 2, 2003**

NCCI Carrier Code:      24244                    Policy Effective Date:  2003-05-01

WC 89 06 00 A                                                          (Ed. 7-87)

Copyright 1987: National Council on Compensation Insurance.

**WC 174**
(Ed. 4-84)

# WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY
## EXTENSION OF INFORMATION PAGE

Policy Number  0700005338

4. Premium

| Classification | Code # | Premium Basis Total Estimated Annual Remuneration | Rate Per $100 Of Remuneration | Estimated Annual Premium |
|---|---|---|---|---|
| **Illinois** | | | | |
| STORE: WHOLESALE-NOC | 8018 | 1,207,405 | 5.09 | 61,457 |
| SALESPERSONS OUTSIDE | 8742 | 3,552,578 | 0.53 | 18,829 |
| CLERICAL OFFICE EMPLOYEES NOC | 8810 | 3,612,088 | 0.30 | 10,836 |
| | | | | |
| Base Premium | | | | 91,122 |
| Increase Limit Factor | 9807 | | 1.70% | 1,549 |
| IL $1,000 Deductible Factor | | | 4.10% | (3,736) |
| Experience Modification | | | 0.84 | (14,230) |
| Premium Discount(Stock) | 0063 | | 10.2% | (7,595) |
| Expense Constant | 0900 | | | 260 |
| Terrorism Risk Insurance Act | 9740 | 8,372,071 | 5.00% | 4,186 |
| | | | | |
| Estimated Annual Premium | | | | 71,556 |
| **Indiana** | | | | |
| SALESPERSONS OUTSIDE | 8742 | 117,200 | 0.40 | 469 |
| CLERICAL OFFICE EMPLOYEES NOC | 8810 | 17,800 | 0.22 | 39 |
| | | | | |
| Base Premium | | | | 508 |
| Increase Limit Factor | 9807 | | 1.70% | 9 |
| Experience Modification | | | 0.84 | (83) |
| Premium Discount(Stock) | 0063 | | 7.8% | (34) |
| Terrorism Risk Insurance Act | 9740 | 135,000 | 2.00% | 27 |
| | | | | |
| Estimated Annual Premium | | | | 427 |

Total Estimated Annual Premium $            71,983.00

### United Wisconsin Insurance Company
Member United Wisconsin Group

WC-00-00-01

A STOCK COMPANY
401 W. Michigan Street, Milwaukee, Wisconsin 53203

# WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY

NCCI No. 24244

**INFORMATION PAGE**

POLICY NO. 0700005338

Renewal of Policy Number _____

State Unemployment I.D. No. or other Identifying Number as Required:

FEIN: 36-2174645

1. Insured:   Temperature Equipment Corp
   Mailing   17725 Volbrecht Rd
   Address   Suite 1
      Lansing, IL 60438-4539

   Producer:   Assurance Agency Ltd
   Mailing   2280 Hicks Rd
   Address   Suite 500
      Rolling Meadows, IL 60008-

☐ Individual   ☐ Partnership   ☒ Corporation or _____

Other workplaces not shown above:

   SEE A I/L(5/90) Additional Named Insured and/or Locations

2. Policy Period: The policy is from **05/01/03** to **05/01/04** 12:01 A.M. Standard Time, at the Insured's mailing address.

3. A. Workers Compensation Insurance: Part One of the policy applies to the Workers Compensation Law of the states listed here:
   **IL,IN**

   B. Employers Liability Insurance : Part Two of the policy applies to work in each state listed in item 3.A.
   The limits of our liability under Part Two are:
      Bodily Injury by Accident $ 500,000 each accident
      Bodily Injury by Disease $ 500,000 policy limit
      Bodily Injury by Disease $ 500,000 each employee

   C. Other states insurance: Part Three of the policy applies to the states, if any, listed here:
   **ALL STATES EXCEPT**
   **ND,OH,WA,WV,WY**

   D. This policy includes these endorsements and schedules:
   PRIVCOV, UWICPRIV, INST, WC 00 04 06, WC 00 04 04, Notice to Agent, WC 00 04 20, WC 12 06 02 A, WC 00 03 11 A, WC 00 03 01 A, WC 12 06 01 C, IL Notice, WC 13 03 01, WC 13 06 02, WC 13 06 03, WC 13 06 04, WC 14 06 01, WC 00 00 00 A, WC 00 04 19

4. The premium for this policy will be determined by our Manuals of Rules, Classification, Rates and Rating Plans. All information required below is subject to verification and change by audit.

| Classification | Code No. | Premium Basis Total Estimated Annual Remuneration | Rates Per $100 of Remuneration | Estimated Annual Premium |
|---|---|---|---|---|
| SEE WC 174(4-84) EXTENSION OF INFORMATION PAGE | | | | |

| | | | |
|---|---|---|---|
| Experience Modification | SEE WC 174 by State | | (14,313.00) |
| Other Premium Charges | 0.00 | | 0.00 |
| Premium Discount | 10.2% | | -7,629.00 |
| Expense Constant | | | 260.00 |
| **MINIMUM PREMIUM $750** | | **TOTAL ESTIMATED ANNUAL PREMIUM $** | 71,983.00 |

IF INDICATED BELOW, INTERIM ADJUSTMENTS OF PREMIUM SHALL BE MADE:

☐ Semi-Annually   ☐ Quarterly   ☐ Monthly      Deposit Premium $ _____

ISSUING OFFICE: Rosemont, Illinois

Countersigned by: _____

1052
Copyright 1987 National Council on Compensation Insurance

**WC 174**
(Ed. 4-84)

# WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY
## EXTENSION OF INFORMATION PAGE

Policy Number  0700005338

4. Premium

| Classification | Code # | Premium Basis Total Estimated Annual Remuneration | Rate Per $100 Of Remuneration | Estimated Annual Premium |
|---|---|---|---|---|
| *Illinois* | | | | |
| STORE: WHOLESALE-NOC | 8018 | 1,207,405 | 5.09 | 61,457 |
| SALESPERSONS OUTSIDE | 8742 | 3,552,578 | 0.53 | 18,829 |
| CLERICAL OFFICE EMPLOYEES NOC | 8810 | 3,612,088 | 0.30 | 10,836 |
| | | | | |
| Base Premium | | | | 91,122 |
| Increase Limit Factor | 9807 | | 1.70% | 1,549 |
| IL $1,000 Deductible Factor | | | 4.10% | (3,736) |
| Experience Modification | | | 0.84 | (14,230) |
| Premium Discount(Stock) | 0063 | | 10.2% | (7,595) |
| Expense Constant | 0900 | | | 260 |
| Terrorism Risk Insurance Act | 9740 | 8,372,071 | 5.00% | 4,186 |
| | | | | |
| Estimated Annual Premium | | | | 71,556 |
| *Indiana* | | | | |
| SALESPERSONS OUTSIDE | 8742 | 117,200 | 0.40 | 469 |
| CLERICAL OFFICE EMPLOYEES NOC | 8810 | 17,800 | 0.22 | 39 |
| | | | | |
| Base Premium | | | | 508 |
| Increase Limit Factor | 9807 | | 1.70% | 9 |
| Experience Modification | | | 0.84 | (83) |
| Premium Discount(Stock) | 0063 | | 7.8% | (34) |
| Terrorism Risk Insurance Act | 9740 | 135,000 | 2.00% | 27 |
| | | | | |
| Estimated Annual Premium | | | | 427 |

Total Estimated Annual Premium $                    71,983.00

Additional Named Insured and/or Locations

Item (1) Insured of the Information Page is amended to include the following:

| | | | |
|---|---|---|---|
| 2055 N Ruby St | | Melrose Park | IL | 60160-1111 |
| 2000 N Ruby St | | Melrose Park | IL | 60160-1112 |
| 1818 18th Ave | | Rockford | IL | 61104-7318 |
| 5940 N Northwest Hwy | | Chicago | IL | 60631-2643 |
| 410 N Oakley Blvd | | Chicago | IL | 60612-1406 |
| 4733 W 120th St | | Alsip | IL | 60803-2318 |
| 3409 Voorde Dr | | South Bend | IN | 46628-1646 |
| 1090 Rock Rd Ln | Court Units 7-8 | East Dundee | IL | 60118-2452 |
| 1665 Quincy Ave | Suite 159 | Naperville | IL | 60540-6681 |
| 812 E Park Ave | | Libertyville | IL | 60048-2981 |
| 1708 E Lincolnway | | Valparaiso | IN | 46383-5832 |
| 2095 Oak Leaf St | | Joliet | IL | 60436-1873 |
| 951 Oakton St | | Elk Grove Village | IL | 60007-1905 |
| 1313 Timber Dr | | Elgin | IL | 60123-1826 |
| 2303 N Bendix Dr | | South Bend | IN | 46628-3411 |

This endorsement changes the policy to which it is attached
and is effective on the date issued unless otherwise stated.

**(The information below is required only when this endorsement is issued
subsequent to preparation of the policy.)**

Endorsement Effective: **May 1, 2003**          Policy No.   0700005338  Endorsement No.
                                                              ILLINOIS

Insured: **Temperature Equipment Corp**                       Premium             $

Insurance Company:      United Wisconsin INSURANCE COMPANY
                                        Countersigned by _____
                                                         May 2, 2003

NCCI Carrier Code:      24244                    Policy Effective Date:  2003-05-01

All other terms and conditions of this policy remain unchanged.

A I/L 5/90

# INSTALLMENT ENDORSEMENT

It is hereby agreed and understood that the premium is to be paid
on an installment basis as follows:

**Premium:**                $71,983.00

**Deposit Amount:**

**Payment Description:**   25% Down, 9 Equal

|    | Due Date | Amount Due |
|----|----------|-----------|
| 1  | 5/1/03   | $18,001.00 |
| 2  | 6/1/03   | $5,998.00  |
| 3  | 7/1/03   | $5,998.00  |
| 4  | 8/1/03   | $5,998.00  |
| 5  | 9/1/03   | $5,998.00  |
| 6  | 10/1/03  | $5,998.00  |
| 7  | 11/1/03  | $5,998.00  |
| 8  | 12/1/03  | $5,998.00  |
| 9  | 1/1/04   | $5,998.00  |
| 10 | 2/1/04   | $5,998.00  |
|    | **Total Amount Due** | $71,983.00 |

This endorsement, effective            , forms a part of policy number
dated            (12:01 a.m. central standard time).

Issued to: _____
Issued by: _____

All other term and conditions of this policy remain unchanged.
INST 5-90

**WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY**

**WC 00 04 04**
(Ed. 4-84)

## PENDING RATE CHANGE ENDORSEMENT

A rate change filing is being considered by the proper regulatory authority. The filing may result in rates different from the rates shown on the policy. If it does, we will issue an endorsement to show the new rates and their effective date.

If only one state is shown in Item 3.A of the Information Page, this endorsement applies to that state. If more than one state is shown there, this endorsement applies only in the state shown in the Schedule.

Schedule

State

Indiana

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.
**(The information below is required only when this endorsement is issued subsequent to preparation of the policy.)**

| | | |
|---|---|---|
| Endorsement Effective: | Policy No.: | Endorsement No.: |
| Insured: | | Premium: |
| Insurance Company: | | |
| | Countersigned By | _____ |

**WC 00 04 04**
(Ed. 4-84)

Copyright 1983 National Council on Compensation Insurance

**WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY**    WC 00 04 06
(Ed. 8-84)

---

## PREMIUM DISCOUNT ENDORSEMENT

The premium for this policy and the policies, if any, listed in item 3 of the Schedule may be eligible for a discount. This endorsement shows your estimated discount in item 1 or 2 of the Schedule. The final calculation of premium discount will be determined by our manuals and your premium basis as determined by audit. Premium subject to retrospective rating is not subject to premium discount.

### Schedule

#### Estimated Eligible Premium

| | First<br>$5,000 | Next<br>$95,000 | Next<br>$400,000 | Balance |
|---|---|---|---|---|
| 1. **State** | | | | |
| Illinois | 0.0% | 10.9% | 12.6% | 14.4% |
| Indiana | 0.0% | 9.1% | 11.3% | 12.3% |

2.    Average percentage discount:    _____10.2%_____

3.    Other policies:

4.    If there are no entries in items 1, 2 and 3, of the Schedule see the Premium Discount Endorsement attached to your policy number:

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.
(The information below is required only when this endorsement is issued subsequent to preparation of the policy.)

Endorsement Effective:                    Policy No.:                    Endorsement No.:
Insured:                                                                    Premium:
Insurance Company:

Countersigned By _____

**WC 00 04 06**
(Ed. 8-84)

Copyright 1983, 1984 National Council on Compensation Insurance.

## PREMIUM DUE DATE ENDORSEMENT

This endorsement is used to amend:

Section D. of Part Five of the policy is replaced by this provision.

## PART FIVE
## PREMIUM

D.   **Premium** is amended to read:

You will pay all premium when due. You will pay the premium even if part or all of a workers compensation law is not valid. **The due date for audit and retrospective premiums is the date of the billing.**

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.

**(The information below is required only when this endorsement is issued subsequent to preparation of the policy.)**

| | | |
|---|---|---|
| Endorsement Effective Insured | Policy No. | Endorsement No. |
| | | Premium $ |
| Insurance Company | Countersigned by _____ | |

**WC000419**
(Ed.-01)

© 2000 National Council on Compensation Insurance, Inc.

## TERRORISM RISK INSURANCE ACT ENDORSEMENT

This endorsement addresses requirements of the Terrorism Risk Insurance Act of 2002.

### Definitions

The definitions provided in this endorsement are based on the definitions in the Act and are intended to have the same meaning. If words or phrases not defined in this endorsement are defined in the Act, the definitions in the Act will apply.

"Act" means the Terrorism Risk Insurance Act of 2002, which took effect on November 26, 2002, and any amendments.

"Act of terrorism" means any act that is certified by the Secretary of the Treasury, in concurrence with the Secretary of State, and the Attorney General of the United States as meeting all of the following requirements:

   a.   The act is an act of terrorism.

   b.   The act is violent or dangerous to human life, property or infrastructure.

   c.   The act resulted in damage within the United States, or outside of the United States in the case of United States missions or certain air carriers or vessels.

   d.   The act has been committed by an individual or individuals acting on behalf of any foreign person or foreign interest, as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion.

"Insured terrorism or war loss" means any loss resulting from an act of terrorism (including an act of war, in the case of workers compensation) that is covered by primary or excess property and casualty insurance issued by an insurer if the loss occurs in the United States or at United States missions or to certain air carriers or vessels.

"Insurer deductible" means:

   a.   For the period beginning on November 26, 2002 and ending on December 31, 2002, an amount equal to 1% of our direct earned premiums, as provided in the Act, over the calendar year immediately preceding November 26, 2002.

   b.   For the period beginning on January 1, 2003 and ending on December 31, 2003, an amount equal to 7% of our direct earned premiums, as provided in the Act, over the calendar year immediately preceding January 1, 2003.

   c.   For the period beginning on January 1, 2004 and ending on December 31, 2004, an amount equal to 10% of our direct earned premiums, as provided in the Act, over the calendar year immediately preceding January 1, 2004.

   d.   For the period beginning on January 1, 2005 and ending on December 31, 2005, an amount equal to 15% of our direct earned premiums, as provided in the Act, over the calendar year immediately preceding January 1, 2005.

1 of 2

© 2002 National Council on Compensation Insurance, Inc.

**Limitation of Liability**

The Act may limit our liability to you under this policy. If annual aggregate insured terrorism or war losses of all insurers exceed $100,000,000,000 during the applicable period provided in the Act, and if we have met our insurer deductible, the amount we will pay for insured terrorism or war losses under this policy will be limited by the Act, as determined by the Secretary of the Treasury.

**Policyholder Disclosure Notice**

1.  Insured terrorism or war losses would be partially reimbursed by the United States Government under a formula established by the Act. Under this formula, the United States Government would pay 90% of our insured terrorism or war losses exceeding our insurer deductible.

2.  The additional premium charged for the coverage this policy provides for insured terrorism or war losses is shown in Item 4 of the Information Page or the Schedule below.

**Schedule**

| State | Rate per $100 of Remuneration | Terrorism Risk Insurance Act Estimated Premium |
|:---:|:---:|:---:|
| IL | $0.05 | $4,186 |
| IN | $0.02 | $27 |

**Notes:**

1.  This endorsement addresses requirements of the Terrorism Risk Insurance Act of 2002.
2.  This endorsement is effective 12:01 on December 20, 2002 applicable to new and renewal voluntary policies only.
3.  This endorsement is effective 12:01 on January 1, 2003 applicable to new and renewal assigned risk policies only.

Endorsement Effective: **May 1, 2003**      Policy No.    **0700005338**    Endorsement No.

**ILLINOIS**

Insured: **Temperature Equipment Corp**        Premium      **$**

Insurance Company: **United Wisconsin Insurance Company**

Countersigned by _____

**May 2, 2003**

**NCCI Carrier Code:**    **24244**                    **Policy Effective Date: 2003-05-01**

WC 00 04 20

© 2002 National Council on Compensation Insurance, Inc.

## VOLUNTARY COMPENSATION AND EMPLOYERS LIABILITY COVERAGE ENDORSEMENT

This endorsement adds Voluntary Compensation Insurance to the policy.

**A. How This Insurance Applies**

This insurance applies to bodily injury by accident or bodily injury by disease. Bodily injury includes resulting death.

1. The bodily injury must be sustained by an employee included in the group of employees described in the Schedule.
2. The bodily injury must arise out of and in the course of employment necessary or incidental to work in a state listed in the Schedule.
3. The bodily injury must occur in the United States of America, its territories or possesions, or Canada, and may occur elsewhere if the employee is a United States or Canadian citizen temporarily away from those places.
4. Bodily injury by accident must occur during the policy period.
5. Bodily injury by disease must be caused or aggravated by the conditions of your employment. The employee's last day of last exposure to the conditions causing or aggravating such bodily injury by disease must occur during the policy period.

**B. We Will Pay**

We will pay an amount equal to the benefits that would be required of you if you and your employees described in the Schedule were subject to the workers compensation law shown in the Schedule. We will pay those amounts to the persons who would be entitled to them under the law.

**C. Exclusions**

This insurance does not cover:

1. any obligation imposed by a workers compensation or occupational disease law, or any similar law.
2. bodily injury intentionally caused or aggravated by you.

**D. Before We Pay**

Before we pay benefits to the persons entitled to them, they must:

1. Release you and us, in writing, of all responsibility for the injury or death.
2. Transfer to us their right to recover from others who may be responsible for the injury or death.
3. Cooperate with us and do everything necessary to enable us to enforce the right to recover from others.

If the persons entitled to the benefits of this insurance fail to do those things, our duty to pay ends at once. If they claim damages from you or from us for the injury or death, our duty to pay ends at once.

**E. Recovery From Others**

If we make a recovery from others, we will keep an amount equal to our expenses of recovery and the benefits we paid. We will pay the balance to the persons entitled to it. If the persons entitled to the benefits of this insurance make a recovery from others, they must reimburse us for the benefits we paid them.

**F. Employers Liability Insurance**

Part Two ( Employers Liability Insurance ) applies to bodily injury covered by this endorsement as though the State of employment shown in the Schedule were shown in item 3.A of the Information Page.

### Schedule

| Employees: | State of Employment | Designated Workers Compensation Law |
|---|---|---|
| ALL OFFICERS AND EMPLOYEES NOT SUBJECT TO THE WORKERS' COMPENSATION LAW EXCEPT MASTERS OR MEMBERS OF THE CREW OF ANY VESSEL. | ILLINOIS | ILLINOIS |

**This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.**
**(The information below is required only when this endorsement is issued subsequent to preparation of the policy.)**

Endorsement Effective: **May 1, 2002**      Policy No.   0700005338   Endorsement No.
ILLINOIS

Insured: **Temperature Equipment Corp**                     Premium                 $

**Insurance Company: United Wisconsin Insurance Company**

Countersigned by _____
May 1, 2003

**NCCI Carrier Code: 24244**                     **Policy Effective Date:**   2003-05-01

WC 00 03 11 A                                                       (Ed. 8-91)

Copyright 1991 National Council on Compensation Insurance.

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY

WC 12 06 01 A
(Ed. 4-01)

## ILLINOIS AMENDATORY ENDORSEMENT

This endorsement applies only to the insurance provided by the policy because Illinois is shown in Item 3.A. of the Information Page.

Part Six (Conditions), Condition A. **Inspection**, Condition D. **Cancellation** and Condition E. **Sole Representative** of the policy are replaced by these four Conditions.

### Inspection

We have the right, but are not obliged, to inspect your workplaces at any time. Our inspections are not safety inspections. They relate only to the insurability of the workplaces and the premiums to be charged. We may give you reports on the conditions we find. We may also recommend changes. While they may help reduce losses, we do not undertake to perform the duty of any person to provide for the health or safety of your employees or the public. We do not warrant that your workplaces are safe or healthful or that they comply with laws, regulations, codes or standards. The National Council on Compensation Insurance has the same rights we have under this provision.

### Cancellation

1. You may cancel this policy. You will mail or deliver advance written notice to us, stating when the cancellation is to take effect.
2. We may cancel this policy. We will mail to each named insured and to the broker or the agent of record advance written notice stating when the cancellation is to take effect.
3. If we cancel because you do not pay all premium when due, we will mail the notice of cancellation at least ten days before the cancellation is to take effect. If we cancel for any other reason, we will mail the notice:
   a. at least 30 days before the cancellation is to take effect if the policy has been in force for 60 days or less;
   b. at least 60 days before the cancellation is to take effect if the policy has been in force for more than 60 days.
4. If this policy has been in effect for 60 days or more, we may cancel only for one of the following reasons:
   a. Nonpayment of premium.
   b. The policy was issued because of a material misrepresentation.
   c. You violated any of the material terms and conditions of the policy.
   d. There are unfavorable underwriting factors, specific to you, that were not present when the policy took effect.
   e. The Director has determined that we no longer have adequate reinsurance to meet our needs.
   f. The Director has determined that continuation of coverage could place us in violation of the laws of Illinois.
5. Our notice of cancellation will state our reasons for canceling.
6. The policy period will end on the day and hour stated in the cancellation notice.

### Nonrenewal

1. We may elect not to renew the policy. If we fail to give 60 days notice, the policy will automatically be extended for one year. Mailing that notice to you at your last known mailing address will be sufficient to prove notice. An exact and unaltered copy of such notice shall also be sent to the insured's broker, if known, or the agent of record at the last mailing address known by the company.
2. Our notice of nonrenewal will state our reasons for not renewing.

1 of 2

© 2001 National Council on Compensation Insurance.

3. If we fail to provide the notice of nonrenewal as required, the policy will still terminate on its expiration date if:
   a. We show you a willingness to renew the policy; or
   b. You notify us or the agent or broker who procured this policy that you do not want the policy renewed; or
   c. You fail to pay all premiums when due; or
   d. You obtain other insurance as a replacement of the policy.

## Sole Representative

The insured first named in Item 1 of the Information Page will act on behalf of all insureds to change this policy, receive return premium or to give us notice of cancellation.

Part Five (Premium), Section G. Audit is replaced by this Section.

## Audit

You will let us examine and audit all your records that relate to this policy. These records include ledgers, journals, registers, vouchers, contracts, tax reports, payroll and disbursement records, and programs for storing and retrieving data. We may conduct the audits during regular business hours during the policy period and within three years after the policy ends. Information developed by audit will be used to determine final premium. The National Council on Compensation Insurance has the same rights we have under this provision.

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.

**(The Information below is required only when this endorsement is issued subsequent to preparation of the policy.)**

Endorsement Effective
Insured                                 Policy No.                        Endorsement No.
                                                                          Premium $

Insurance Company                       Countersigned by _____

WC 12 06 01 C
(Ed. 4-01)

2 of 2

© 2001 National Council on Compensation Insurance.

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY          WC 12 06 02 A

(Ed. 8-92)

## ILLINOIS MEDICAL BENEFITS DEDUCTIBLE ENDORSEMENT

This endorsement applies only to the insurance provided by Part One (Workers Compensation Insurance) because Illinois is shown in Item 3.A. of the Information Page.

1.   Part One (Workers Compensation Insurance) applies to medical benefits only in excess of a deductible amount of $1,000. This deductible applies separately to each accident, regardless of the number of persons injured in the accident.

2.   We will pay the deductible amount for you, but you must reimburse us within 30 days after we send you notice that payment is due. If you fail to reimburse us, we may cancel the policy in accordance with Illinois cancelation law. We may keep the amount of unearned premium that will reimburse us for the payments we made. These rights are in addition to other rights we have to be reimbursed.

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.

(The information below is required only when this endorsement is issued subsequent to preparation of the policy.)

Endorsement Effective                     Policy No.                          Endorsement No.
Insured                                                                       Premium $

Insurance Company                                         Countersigned by _____

WC 12 06 02 A
(Ed. 8-92)

© 1963, 1992 National Council on Compensation Insurance.



# NOTICE TO EMPLOYEES
# FROM THE STATE OF ILLINOIS:

**WORKERS' COMPENSATION** is a system of benefits provided by law to most workers who have job-related injuries or illnesses. Benefits are paid for injuries that are caused, in whole or in part, by an employee's work. This may include the aggravation of a pre-existing condition, injuries brought on by the repetitive use of a part of the body, heart attacks, or any other physical problem caused by work. Benefits are paid regardless of fault.

## IF YOU SUFFER FROM A WORK-RELATED INJURY OR ILLNESS, YOU SHOULD TAKE THE FOLLOWING STEPS:

1.  **GET MEDICAL ASSISTANCE.** By law, your employer must pay for all necessary medical services required to cure or relieve the effects of the injury or illness. The employee may choose two physicians, surgeons, or hospitals. Where necessary, the employer must also pay for physical, mental, or vocational rehabilitation, within prescribed limits.

2.  **NOTIFY YOUR EMPLOYER.** You must notify your employer of the accidental injury or illness within 45 days, either orally or in writing. To avoid possible delays, it is recommended the notice also include your name, address, telephone number, Social Security number, and a brief description of the injury or illness.

3.  **LEARN YOUR RIGHTS.** Your employer is required by law to report accidents that result in more than three lost work days to the Industrial Commission. Once the accident is reported, you should receive a handbook that explains the law, benefits, and procedures. If you need a handbook, please call the Industrial Commission.

    If you must lose time from work to recover from the injury or illness, you may be entitled to receive weekly payments and necessary medical care until you are able to return to work that is reasonably available to you.

    It is against the law for an employer to harass, discharge, refuse to hire or in any way discriminate against an employee for exercising his or her rights under the Workers' Compensation or Occupational Diseases Acts. If you file a fraudulent claim, you may be penalized under the law.

4.  **KEEP WITHIN THE TIME LIMITS.** Generally, claims must filed within three years of the injury or disablement from an occupational disease, or within two years of the last workers' compensation payment, whichever is later. Claims for pneumoconiosis, radiological exposure, asbestosis, or similar diseases have special requirements.

    Injured workers have the right to reopen their case within 30 months after an award is made if the disability increases, but cases that are resolved by a lump-sum settlement contract approved by the Commission cannot be reopened. Only settlements approved by the Commission are binding.

## FOR MORE INFORMATION, WRITE OR CALL THE ILLINOIS INDUSTRIAL COMMISSION:
**100 W. RANDOLPH ST. #8-200, CHICAGO, IL 60601**
**( 312 ) 814-6611**

**PEORIA: (309 ) 671-3019**          **ROCKFORD: ( 815 ) 987-7292**          **SPRINGFIELD: ( 217 ) 785-7084**

Employers must display this notice in a prominent place for all employees and complete the information below regarding the insurance company. Self-insured employers should list the person or firm responsible for handling the employer's workers' compensation claims.

| | |
|---|---|
| Name | United Wisconsin Insurance Co - UHIL |
| Business address | 9801 West Higgins Road, Suite 620, Rosemont, IL 60018 |
| Business phone | 1-847-696-1800 |
| Effective date | 5/1/03 |
| Termination date | 5/1/04 |
| Policy Number | 0700005338 |
| Employer's FEIN | 36-2174645 |

Printed by the authority of the State of Illinois.  Form ICPN 10/98

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY          WC 00 00 00 A

(Ed. 4-92)

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY

In return for the payment of the premium and subject to all terms of this policy, we agree with you as follows:

## GENERAL SECTION

### A. The Policy

This policy includes at its effective date the Information Page and all endorsements and schedules listed there. It is a contract of insurance between you (the employer named in Item 1 of the Information Page) and us (the insurer named on the Information Page). The only agreements relating to this insurance are stated in this policy. The terms of this policy may not be changed or waived except by endorsement issued by us to be part of this policy.

### B. Who Is Insured

You are insured if you are an employer named in Item 1 of the Information Page. If that employer is a partnership, and if you are one of its partners, you are insured, but only in your capacity as an employer of the partnership's employees.

### C. Workers Compensation Law

Workers Compensation Law means the workers or workmen's compensation law and occupational disease law of each state or territory named in Item 3.A. of the Information Page. It includes any amendments to that law which are in effect during the policy period. It does not include any federal workers or workmen's compensation law, any federal occupational disease law or the provisions of any law that provide nonoccupational disability benefits.

### D. State

State means any state of the United States of America, and the District of Columbia.

### E. Locations

This policy covers all of your workplaces listed in Items 1 or 4 of the Information Page; and it covers all other workplaces in Item 3.A. states unless you have other insurance or are self-insured for such workplaces.

## PART ONE
## WORKERS COMPENSATION INSURANCE

### A. How This Insurance Applies

This workers compensation insurance applies to bodily injury by accident or bodily injury by disease. Bodily injury includes resulting death.

1. Bodily injury by accident must occur during the policy period.

2. Bodily injury by disease must be caused or aggravated by the conditions of your employment. The employee's last day of last exposure to the conditions causing or aggravating such bodily injury by disease must occur during the policy period.

### B. We Will Pay

We will pay promptly when due the benefits required of you by the workers compensation law.

### C. We Will Defend

We have the right and duty to defend at our expense any claim, proceeding or suit against you for benefits payable by this insurance. We have the right to investigate and settle these claims, proceedings or suits.

We have no duty to defend a claim, proceeding or suit that is not covered by this insurance.

### D. We Will Also Pay

We will also pay these costs, in addition to other amounts payable under this insurance, as part of any claim, proceeding or suit we defend:

1. reasonable expenses incurred at our request, but not loss of earnings;

2. premiums for bonds to release attachments and for appeal bonds in bond amounts up to the amount payable under this insurance;

3. litigation costs taxed against you;

4. interest on a judgment as required by law until we offer the amount due under this insurance; and

5. expenses we incur.

### E. Other Insurance

We will not pay more than our share of benefits and costs covered by this insurance and other

© 1991 National Council on Compensation Insurance.

WC 00 00 00 A          WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY

(Ed. 4-92)

insurance or self-insurance. Subject to any limits of liability that may apply, all shares will be equal until the loss is paid. If any insurance or self-insurance is exhausted, the shares of all remaining insurance will be equal until the loss is paid.

## F. Payments You Must Make

You are responsible for any payments in excess of the benefits regularly provided by the workers compensation law including those required because:

1. of your serious and willful misconduct;

2. you knowingly employ an employee in violation of law;

3. you fail to comply with a health or safety law or regulation; or

4. you discharge, coerce or otherwise discriminate against any employee in violation of the workers compensation law.

If we make any payments in excess of the benefits regularly provided by the workers compensation law on your behalf, you will reimburse us promptly.

## G. Recovery From Others

We have your rights, and the rights of persons entitled to the benefits of this insurance, to recover our payments from anyone liable for the injury. You will do everything necessary to protect those rights for us and to help us enforce them.

## H. Statutory Provisions

These statements apply where they are required by law.

1. As between an injured worker and us, we have notice of the injury when you have notice.

2. Your default or the bankruptcy or insolvency of you or your estate will not relieve us of our duties under this insurance after an injury occurs.

3. We are directly and primarily liable to any person entitled to the benefits payable by this insurance. Those persons may enforce our duties; so may an agency authorized by law. Enforcement may be against us or against you and us.

4. Jurisdiction over you is jurisdiction over us for purposes of the workers compensation law. We are bound by decisions against you under that law, subject to the provisions of this policy that are not in conflict with that law.

5. This insurance conforms to the parts of the

workers compensation law that apply to:

a. benefits payable by this insurance;

b. special taxes, payments into security or other special funds, and assessments payable by us under that law.

6. Terms of this insurance that conflict with the workers compensation law are changed by this statement to conform to that law.

Nothing in these paragraphs relieves you of your duties under this policy.

## PART TWO
## EMPLOYERS LIABILITY INSURANCE

## A. How This Insurance Applies

This employers liability insurance applies to bodily injury by accident or bodily injury by disease. Bodily injury includes resulting death.

1. The bodily injury must arise out of and in the course of the injured employee's employment by you.

2. The employment must be necessary or incidental to your work in a state or territory listed in Item 3.A. of the Information Page.

3. Bodily injury by accident must occur during the policy period.

4. Bodily injury by disease must be caused or aggravated by the conditions of your employment. The employee's last day of last exposure to the conditions causing or aggravating such bodily injury by disease must occur during the policy period.

5. If you are sued, the original suit and any related legal actions for damages for bodily injury by accident or by disease must be brought in the United States of America. its territories or possessions, or Canada.

## B. We Will Pay

We will pay all sums you legally must pay as damages because of bodily injury to your employees, provided the bodily injury is covered by this Employers Liability Insurance.

The damages we will pay, where recovery is permitted by law, include damages:

1. for which you are liable to a third party by reason of a claim or suit against you by that third party to recover the damages claimed

2 of 6

© 1991 National Council on Compensation Insurance.

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY                    WC 00 00 00 A

(Ed. 4-92)

against such third party as a result of injury to your employee;

2. for care and loss of services; and

3. for consequential bodily injury to a spouse, child, parent, brother or sister of the injured employee;

provided that these damages are the direct consequence of bodily injury that arises out of and in the course of the injured employee's employment by you; and

4. because of bodily injury to your employee that arises out of and in the course of employment, claimed against you in a capacity other than as employer.

C. Exclusions

This insurance does not cover:

1. liability assumed under a contract. This exclusion does not apply to a warranty that your work will be done in a workmanlike manner;

2. punitive or exemplary damages because of bodily injury to an employee employed in violation of law;

3. bodily injury to an employee while employed in violation of law with your actual knowledge or the actual knowledge of any of your executive officers;

4. any obligation imposed by a workers compensation, occupational disease, unemployment compensation, or disability benefits law, or any similar law;

5. bodily injury intentionally caused or aggravated by you;

6. bodily injury occurring outside the United States of America, its territories or possessions, and Canada. This exclusion does not apply to bodily injury to a citizen or resident of the United States of America or Canada who is temporarily outside these countries;

7. damages arising out of coercion, criticism, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination against or termination of any employee, or any personnel practices, policies, acts or omissions;

8. bodily injury to any person in work subject to the Longshore and Harbor Workers' Compensation Act (33 USC Sections 901–950), the Nonappropriated Fund Instrumentalities Act (5 USC Sections 8171–8173), the Outer Conti-

nental Shelf Lands Act (43 USC Sections 1331–1356), the Defense Base Act (42 USC Sections 1651–1654), the Federal Coal Mine Health and Safety Act of 1969 (30 USC Sections 901–942), any other federal workers or workmen's compensation law or other federal occupational disease law, or any amendments to these laws;

9. bodily injury to any person in work subject to the Federal Employers' Liability Act (45 USC Sections 51–60), any other federal laws obligating an employer to pay damages to an employee due to bodily injury arising out of or in the course of employment, or any amendments to those laws;

10. bodily injury to a master or member of the crew of any vessel;

11. fines or penalties imposed for violation of federal or state law; and

12. damages payable under the Migrant and Seasonal Agricultural Worker Protection Act (29 USC Sections 1801–1872) and under any other federal law awarding damages for violation of those laws or regulations issued thereunder, and any amendments to those laws.

D. We Will Defend

We have the right and duty to defend, at our expense, any claim, proceeding or suit against you for damages payable by this insurance. We have the right to investigate and settle these claims, proceedings and suits.

We have no duty to defend a claim, proceeding or suit that is not covered by this insurance. We have no duty to defend or continue defending after we have paid our applicable limit of liability under this insurance.

E. We Will Also Pay

We will also pay these costs, in addition to other amounts payable under this insurance, as part of any claim, proceeding, or suit we defend:

1. reasonable expenses incurred at our request, but not loss of earnings;

2. premiums for bonds to release attachments and for appeal bonds in bond amounts up to the limit of our liability under this insurance;

3. litigation costs taxed against you;

4. interest on a judgment as required by law until we offer the amount due under this insurance; and

5. expenses we incur.

3 of 6

© 1991 National Council on Compensation Insurance.

WC 00 00 00 A          WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY

(Ed. 4-92)

F. **Other Insurance**

We will not pay more than our share of damages and costs covered by this insurance and other insurance or self-insurance. Subject to any limits of liability that apply, all shares will be equal until the loss is paid. If any insurance or self-insurance is exhausted, the shares of all remaining insurance and self-insurance will be equal until the loss is paid.

G. **Limits of Liability**

Our liability to pay for damages is limited. Our limits of liability are shown in Item 3.B. of the Information Page. They apply as explained below.

1. Bodily Injury by Accident. The limit shown for "bodily injury by accident—each accident" is the most we will pay for all damages covered by this insurance because of bodily injury to one or more employees in any one accident.

   A disease is not bodily injury by accident unless it results directly from bodily injury by accident.

2. Bodily Injury by Disease. The limit shown for "bodily injury by disease—policy limit" is the most we will pay for all damages covered by this insurance and arising out of bodily injury by disease, regardless of the number of employees who sustain bodily injury by disease. The limit shown for "bodily injury by disease—each employee" is the most we will pay for all damages because of bodily injury by disease to any one employee.

   Bodily injury by disease does not include disease that results directly from a bodily injury by accident.

3. We will not pay any claims for damages after we have paid the applicable limit of our liability under this insurance.

H. **Recovery From Others**

We have your rights to recover our payment from anyone liable for an injury covered by this insurance. You will do everything necessary to protect those rights for us and to help us enforce them.

I. **Actions Against Us**

There will be no right of action against us under this insurance unless:

1. You have complied with all the terms of this policy; and

2. The amount you owe has been determined with our consent or by actual trial and final judgment.

This insurance does not give anyone the right to add us as a defendant in an action against you to determine your liability. The bankruptcy or insolvency of you or your estate will not relieve us of our obligations under this Part.

### PART THREE
### OTHER STATES INSURANCE

A. **How This Insurance Applies**

1. This other states insurance applies only if one or more states are shown in Item 3.C. of the Information Page.

2. If you begin work in any one of those states after the effective date of this policy and are not insured or are not self-insured for such work, all provisions of the policy will apply as though that state were listed in Item 3.A. of the Information Page.

3. We will reimburse you for the benefits required by the workers compensation law of that state if we are not permitted to pay the benefits directly to persons entitled to them.

4. If you have work on the effective date of this policy in any state not listed in Item 3.A. of the Information Page, coverage will not be afforded for that state unless we are notified within thirty days.

B. **Notice**

Tell us at once if you begin work in any state listed in Item 3.C. of the Information Page.

### PART FOUR
### YOUR DUTIES IF INJURY OCCURS

Tell us at once if injury occurs that may be covered by this policy. Your other duties are listed here.

1. Provide for immediate medical and other services required by the workers compensation law.

2. Give us or our agent the names and addresses of the injured persons and of witnesses, and other information we may need.

3. Promptly give us all notices, demands and legal

© 1991 National Council on Compensation Insurance.

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY     WC 00 00 00 A

(Ed. 4-92)

papers related to the injury, claim, proceeding or suit.

4. Cooperate with us and assist us, as we may request, in the investigation, settlement or defense of any claim, proceeding or suit.

5. Do nothing after an injury occurs that would interfere with our right to recover from others.

6. Do not voluntarily make payments, assume obligations or incur expenses, except at your own cost.

## PART FIVE—PREMIUM

### A. Our Manuals

All premium for this policy will be determined by our manuals of rules, rates, rating plans and classifications. We may change our manuals and apply the changes to this policy if authorized by law or a governmental agency regulating this insurance.

### B. Classifications

Item 4 of the Information Page shows the rate and premium basis for certain business or work classifications. These classifications were assigned based on an estimate of the exposures you would have during the policy period. If your actual exposures are not properly described by those classifications, we will assign proper classifications, rates and premium basis by endorsement to this policy.

### C. Remuneration

Premium for each work classification is determined by multiplying a rate times a premium basis. Remuneration is the most common premium basis. This premium basis includes payroll and all other remuneration paid or payable during the policy period for the services of:

1. all your officers and employees engaged in work covered by this policy; and

2. all other persons engaged in work that could make us liable under Part One (Workers Compensation Insurance) of this policy. If you do not have payroll records for these persons, the contract price for their services and materials may be used as the premium basis. This paragraph 2 will not apply if you give us proof that the employers of these persons lawfully secured their workers compensation obligations.

### D. Premium Payments

You will pay all premium when due. You will pay the premium even if part or all of a workers compensation law is not valid.

### E. Final Premium

The premium shown on the Information Page, schedules, and endorsements is an estimate. The final premium will be determined after this policy ends by using the actual, not the estimated, premium basis and the proper classifications and rates that lawfully apply to the business and work covered by this policy. If the final premium is more than the premium you paid to us, you must pay us the balance. If it is less, we will refund the balance to you. The final premium will not be less than the highest minimum premium for the classifications covered by this policy.

If this policy is canceled, final premium will be determined in the following way unless our manuals provide otherwise:

1. If we cancel, final premium will be calculated pro rata based on the time this policy was in force. Final premium will not be less than the pro rata share of the minimum premium.

2. If you cancel, final premium will be more than pro rata; it will be based on the time this policy was in force, and increased by our short-rate cancelation table and procedure. Final premium will not be less than the minimum premium.

### F. Records

You will keep records of information needed to compute premium. You will provide us with copies of those records when we ask for them.

### G. Audit

You will let us examine and audit all your records that relate to this policy. These records include ledgers, journals, registers, vouchers, contracts, tax reports, payroll and disbursement records, and programs for storing and retrieving data. We may conduct the audits during regular business hours during the policy period and within three years after the policy period ends. Information developed by audit will be used to determine final premium. Insurance rate service organizations have the same rights we have under this provision.

5 of 6

• 1991 National Council on Compensation Insurance.

WC 00 00 00 A          WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY

(Ed. 4-92)

## PART SIX—CONDITIONS

### A. Inspection

We have the right, but are not obliged to inspect your workplaces at any time. Our inspections are not safety inspections. They relate only to the insurability of the workplaces and the premiums to be charged. We may give you reports on the conditions we find. We may also recommend changes. While they may help reduce losses, we do not undertake to perform the duty of any person to provide for the health or safety of your employees or the public. We do not warrant that your workplaces are safe or healthful or that they comply with laws, regulations, codes or standards. Insurance rate service organizations have the same rights we have under this provision.

### B. Long Term Policy

If the policy period is longer than one year and sixteen days, all provisions of this policy will apply as though a new policy were issued on each annual anniversary that this policy is in force.

### C. Transfer of Your Rights and Duties

Your rights or duties under this policy may not be transferred without our written consent.

If you die and we receive notice within thirty days after your death, we will cover your legal representative as insured.

### D. Cancelation

1. You may cancel this policy. You must mail or deliver advance written notice to us stating when the cancelation is to take effect.

2. We may cancel this policy. We must mail or deliver to you not less than ten days advance written notice stating when the cancelation is to take effect. Mailing that notice to you at your mailing address shown in Item 1 of the Information Page will be sufficient to prove notice.

3. The policy period will end on the day and hour stated in the cancelation notice.

4. Any of these provisions that conflict with a law that controls the cancelation of the insurance in this policy is changed by this statement to comply with the law.

### E. Sole Representative

The insured first named in Item 1 of the Information Page will act on behalf of all insureds to change this policy, receive return premium, and give or receive notice of cancelation.

WC 00 00 00 A
(Ed. 4-92)
                              6 of 6

© 1991 National Council on Compensation Insurance.