### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED WISCONSIN INSURANCE CO., | ) | |
| d/b/a UNITED HEARTLAND INC., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | Case No. 07 C 6315 |
| v. | ) | |
| | ) | Judge John W. Darrrah |
| TEMPERATURE EQUIPMENT CORP., | ) | |
| and MATTHEW HETZEL, | ) | Magistrate Judge |
| | ) | Geraldine Soat Brown |
| **Defendants.** | ) | |

### ANSWER OF DEFENDANT TEMPERATURE EQUIPMENT CORPORATION

NOW COMES Defendant, Temperature Equipment Corp., by and through its attorneys, Jonathan D. Karmel and Mindy Kallus, and answers the Complaint for Declaratory Judgment as follows:

### The Parties

1.     Plaintiff, United Wisconsin Insurance Company, d/b/a United Heartland, Inc., is a Wisconsin corporate entity with its principle place of business in Milwaukee, Wisconsin.

**ANSWER:**    Defendant, Temperature Equipment Corporation, has insufficient information upon which to form a belief as to the truth of allegations contained in paragraph 1 of the Complaint.

2.     Defendant, Temperature Equipment Corporation, is a corporation organized under the laws and statutes of the state of Illinois and is located in the Village of Lansing, County of Cook, and State of Illinois.

**ANSWER:**    Defendant, Temperature Equipment Corporation, admits the allegations contained in paragraph 2 of the Complaint.

3.    Matthew Hetzel, an individual, is a resident of the State of Illinois.

**ANSWER:**    Defendant, Temperature Equipment Corporation, admits the allegations contained in paragraph 3 of the Complaint.

### Jurisdiction and Venue

4.    This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) in that the Plaintiff is a citizen of the state of Wisconsin and the Defendants are citizens of Illinois, and the amount in controversy is in excess of $75,000.00.

**ANSWER:**    Defendant, Temperature Equipment Corporation, has insufficient information upon which to form a belief as to the truth of allegations contained in paragraph 4 of the Complaint regarding Plaintiff's citizenship, but admits that the amount in controversy exceeds $75,000.00.

5.    Venue is proper in this Court pursuant to 28 U.S.C. §1332(a)(1) and (c)(1) in that the parties are citizens of different states, and that the Defendant TEC has its principle place of business in this Judicial District, and all, or substantially all, of the events or omissions giving rise to the claim occurred in this Judicial District.

**ANSWER:**    Defendant, Temperature Equipment Corporation, has insufficient information upon which to form a belief as to the truth of allegations contained in paragraph 5 of the Complaint regarding Plaintiff's citizenship, but admits that Temperature Equipment Corporation has its principal place of business in this Judicial District and that the events giving rise to this claim occurred in this Judicial District.

**TEC Answer to Complaint**

## Factual Background

6.     On April 4, 2004 Matthew Hetzel, an employee of Temperature Equipment Corporation, allegedly suffered a back injury, or the aggravation of a prior injury, at work.  Some medical records suggest that Hetzel may have had a prior injury to his back.

**ANSWER:**    Defendant, Temperature Equipment Corporation, denies the allegations contained in paragraph 6 of the Complaint, but states that in April of 2004, Matthew Hetzel reported to Renee Caldarazzo, Human Resource Manager, that his back was hurting.

7.     On April 11, 2004, Renee Calcarazzo, TEC Benefits Administrator, authorized payments for medical procedures to be performed on Hetzel, including follow up treatment after an epidural steroid injection.

**ANSWER:**    Defendant, Temperature Equipment Corporation, admits the allegations contained in paragraph 7 of the Complaint insofar as the allegations refer to Renee Caldarazzo.

8.     On April 18, 2006, TEC authorized all bills from Hetzel's pain management physician to be forwarded to TEC for payment.

**ANSWER:**    Defendant, Temperature Equipment Corporation, admits the allegations contained in paragraph 8 of the Complaint.

9.     On May 11, 2006, Hetzel's physician requested written workers' compensation approval to perform a decompressive laminectomy.

**ANSWER:**    Defendant, Temperature Equipment Corporation, denies the allegations contained in paragraph 9 of the Complaint.

10.    On June 15, 2006, TEC directed Ingalls Hospital to forward all invoices to its Benefits Department for payment, and specifically authorized the surgery for decompressive laminectomy.

**ANSWER:**    Defendant, Temperature Equipment Corporation, denies the allegations contained in paragraph 10 of the Complaint, but admits that on June 6, 2006, Renee Caldarazzo sent a letter to Ingalls Hospital authorizing the performance of a decompressive laminectomy upon Matthew Hetzel and requested that bills be sent to her attention.

11.    During the period between April, 2004, and the Fall of 2006, invoices and authorizations for treatment of Hetzel's "work related" condition were routinely requested by and paid for by TEC.

**ANSWER:**    Defendant, Temperature Equipment Corporation, denies the allegations contained in paragraph 11 of the Complaint.

12.    One year after this alleged work place injury, on April 4, 2007, Hetzel filed an Application for Adjustment of Claim with the Illinois Workers' Compensation Commission.

**ANSWER:**    Defendant, Temperature Equipment Corporation, denies the allegations contained in paragraph 12 of the Complaint, but admits that Hetzel filed an Application for Adjustment of Claim with the Illinois Workers' Compensation Commission on April 4, 2007.

13.    On April 18, 2007, the claim was forwarded by TEC to United Heartland which began processing on April 30, 2007.

**ANSWER:**    Defendant, Temperature Equipment Corporation, has insufficient information upon which to form a belief as to when United Heartland began processing the claim, but admits that at some point in April of 2007 the claim was forwarded by Temperature Equipment Corporation to

United Heartland for processing.

14.    On July 26, 2007 United Heartland sent TEC a reservation of rights letter regarding coverage of the Hetzel claim. A copy of that letter is attached as Exhibit A.

**ANSWER:**    Defendant, Temperature Equipment Corporation, admits that United Heartland sent Temperature Equipment Corporation a reservation of rights letter regarding coverage of the Hetzel claim, but states that the letter was dated July 27, 2007.

### The TEC Workers' Compensation Policy

15.    United Wisconsin Insurance Company, d/b/a United Heartland, Inc., issued a policy of workers' compensation insurance providing coverage from May 1, 2003 through May 1, 2004 with $500,000 limit for bodily injury per each accident for each employee, bearing a Policy Number 0700005338. A certified true and correct copy of the aforesaid policy of insurance is attached hereto as Exhibit B.

**ANSWER:**    Defendant, Temperature Equipment Corporation, admits the allegations contained in paragraph 15 of the Complaint.

### Tender of Defense

16.    United Heartland is currently defending the Hetzel claim under a reservation of rights, but elects to seek a Declaratory Judgment that there is no coverage.

**ANSWER:**    Defendant, Temperature Equipment Corporation, admits the allegations contained in paragraph 16 of the Complaint.

<u>Count I</u>

**(Declaratory Judgment Re: No Duty to Defend, Indemnify, or Cover
by United Heartland under Workers' Compensation Policy)**

17.    United Heartland adopts and repeats the allegations of paragraphs 1 through 16 and

for paragraph 17 hereof, as though the same were fully set herein.

**ANSWER:**    As its answer to paragraph 17 of the Complaint, Defendant, Temperature

Equipment Corporation, repeats and realleges its answers to the allegations contained in paragraphs 1

through 16 as though fully set forth herein.

18.    United Heartland contends that it has no duty to defend TEC under the policy for one,

or more, or all of the following reasons:

      a.    the insured did not act with due diligence in providing
           notice of an occurrence to insurer;

      b.    the insurer did not receive reasonable notice of an
           occurrence, and was therefore prejudiced by not being
           able to investigate the injury or engage in medical
           management of the claim prior to TEC's authorization
           of medical procedures and payment of medical bills;

      c.    TEC authorized and paid for over $36,000 in medical
           bills for Matthew Hetzel without giving United
           Heartland an opportunity to participate in Hetzel's
           claim; and

      d.    TEC did not consult United Heartland regarding any
           discourse between it and Hetzel, or his medical
           providers, nor did TEC involve United Heartland in
           any of the handling of the claim.

**ANSWER:**    Defendant, Temperature Equipment Corporation, denies the allegations

contained in paragraph 18 of the Complaint.

**TEC Answer to Complaint**

19.    United Heartland has additional coverage defenses which would apply to any duty to indemnify TEC or Hetzel; given that the underlying case remains unresolved, and adjudication of these issues would not be ripe at this juncture, and would become moot if the Court finds no duty to defend.  Therefore, these additional defenses have not been pled nor are they waived.

**ANSWER:**    Defendant, Temperature Equipment Corporation, has insufficient information upon which to form a belief as to the truth of allegations contained in paragraph 19 of the Complaint.

20.    The above contentions of United Heartland are, on information and belief, denied by TEC who, in turn, contend that they are entitled to coverage under the United Heartland workers' compensation policy of insurance.  United Heartland denies the contrary contentions of TEC.

**ANSWER:**    Defendant, Temperature Equipment Corporation, denies the allegations contained in paragraph 20 of the Complaint, but admit that it is Temperature Equipment Corporation's position that it is entitled to coverage under United Heartland's workers' compensation policy of insurance.

21.    By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court.  Pursuant to 28 U.S.C. §1332, this Court has the power to declare and adjudicate the rights and liabilities of parties hereto under the terms and provisions of the policy of insurance referred to herein and to adjudicate the final rights of all parties and, give such other and further relief as may be necessary to enforce the same.

**ANSWER:**    Defendant, Temperature Equipment Corporation, has insufficient information upon which to form a belief as to the allegations contained in paragraph 21 of the Complaint insofar as it is unaware of Plaintiff's citizenship.

WHEREFORE, the Plaintiff United Heartland prays that this Court enter judgment finding and declaring the rights of the parties as follows:

A.  That United Heartland, United Wisconsin Insurance Company, or any of their subsidiaries or affiliates, has no duty or obligation to provide a defense to TEC for workers compensation benefits, or any other benefits, arising from Hetzel's April 4, 2004 back injury, or subsequent treatment, pursuant to its workers' compensation policy bearing Policy Number 0700005338.

B.  That United Heartland, United Wisconsin Insurance Company, or any of their subsidiaries or affiliates, has no duty or obligation to indemnify TEC or Matthew Hetzel for a claim for workers' compensation by Hetzel, pursuant to its workers' compensation policy bearing Policy Number 0700005338.

C.  That the Court grant United Heartland such other and further relief as the Court deems fit and just under the circumstances.

D.  That United Heartland be awarded, and have and recover its just and reasonable costs incurred herein and have executing issue therefore.

**ANSWER:**   Defendant, Temperature Equipment Corporation denies that Plaintiff is entitled to any of the relief it has requested.

## AFFIRMATIVE DEFENSES

1.  Plaintiff, United Wisconsin Insurance Company, d/b/a United Heartland, Inc., is estopped from asserting that it has no duty to defend, indemnify or cover Temperature Equipment Corporation under its workers' compensation policy, policy no. 0700005338, for the period May 1, 2003 through May 1, 2004.

2.  Plaintiff, United Wisconsin Insurance Company, d/b/a United Heartland, Inc., has waived the argument that it had no duty to defend, indemnify, or cover Temperature Equipment Corporation.

TEC Answer to Complaint

3.      Plaintiff, United Wisconsin Insurance Company, d/b/a United Heartland, Inc., was not prejudiced by any delay by Temperature Equipment Corporation in giving it notice of the claim relating to Matthew Hetzel.

WHEREFORE Plaintiff's Complaint should be dismissed, with prejudice.

Respectfully submitted,

/s/ Mindy Kallus
        Mindy Kallus
        Attorney for Temperature Equipment Corp.

Jonathan D. Karmel
Mindy Kallus
THE KARMEL LAW FIRM
221 North LaSalle Street, Suite 1414
Chicago, IL 60601
(312) 641-2910

TEC Answer to Complaint

## CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2008, I electronically filed Defendant, Temperature

Equipment Corp.'s Answer to the Complaint for Declaratory Judgment using the CM/ECF system

which will send notification of such filing to the following:

> Ellen K. Emery
> Ancel, Glink, Diamond, Bush, DiCaianni & Krafthefer, P.C.
> 140 South Dearborn Street, Sixth Floor
> Chicago, Illinois 60603

and I served one copy via United States Mail service on January 4, 2008,  to the following:

> Matthew Hetzel
> 1367 Burnham
> Calumet City, IL 60409

> /s/ Mindy Kallus
> Mindy Kallus
> Attorney for Defendant,
> Temperature Equipment Corp.

Jonathan D. Karmel
Mindy Kallus
THE KARMEL LAW FIRM
221 North LaSalle Street, Suite 1414
Chicago, IL 60601
(312) 641-2910

**TEC Answer to Complaint**