UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED WISCONSIN INSURANCE CO., d/b/a UNITED HEARTLAND INC., <br><br> Plaintiff, <br><br> v. <br><br> TEMPERATURE EQUIPMENT CORP., and MATTHEW HETZEL, <br><br> Defendants. | Case No. 07 CV 6315 <br><br> Judge John W. Darrrah <br><br> Magistrate Judge <br> Geraldine Soat Brown |

**SUPPLEMENTAL MEMORANDUM OF LAW
IN SUPPORT OF TEMPERATURE EQUIPMENT
CORPORATION'S MOTION TO COMPEL**

Defendant, Temperature Equipment Corporation ("Defendant" or "TEC"), submits the instant supplemental memorandum of law at the request of Magistrate Judge Brown. The request was made at the initial hearing on Defendant's Motion to Compel Production of Documents and to Extend Discovery Cutoff Date to Allow Discovery Pertaining to Documents Plaintiff Has Failed to Produce.

**Background.**

The instant declaratory judgment action filed by Plaintiff, United Wisconsin Insurance Co. d/b/a United Heartland Inc. ("United Wisconsin") seeks a determination as to whether TEC is covered under United Wisconsin's employer liability and workers compensation policy for the claim of Matthew Hetzel, an employee of TEC with a back condition. TEC learned of Hetzel's back condition in April of 2004. TEC notified United Wisconsin of Hetzel's workers' compensation claim in April of 2007, upon receiving Hetzel's Application for Adjustment of Claim in the Illinois

Industrial Commission. The critical issue in this case is whether the notice provided by TEC, upon Hetzel's filing an Application for Adjustment of Claim in the Industrial Commission, was timely within the meaning of the United Wisconsin policy.

TEC requested certain documents in the course of discovery at the Rule 30(b)(6) deposition of Dennis Hulett of United Wisconsin -- letters of United Wisconsin to other insureds declining coverage on the basis of late notice. TEC believes that these letters will establish whether United Wisconsin uniformly interpreted and applied its policy provision relating to notice.

**The Pertinent Policy Provision.**

A key provision of the policy relating to notice of an "injury" to the insurer provides:

PART FOUR
YOUR DUTIES IF INJURY OCCURS

Tell us **at once** if injury occurs that may be covered by this policy. Your other duties are listed here.

1. Provide for immediate medical and other services required by the workers compensation law.

2. Give us or our agent the names and addresses of the injured persons and of witnesses, and other information we may need.

3. Promptly give us all notices, demands and legal papers related to the injury, claim, proceeding or suit.

4. Cooperate with us and assist us, as we may request, in the investigation, settlement or defense of any claim, proceeding or suit.

5. Do nothing after an injury occurs that would interfere with our right to recover from others.

6. Do not voluntarily make payments, assume obligations or incur expenses, except at your own cost. (Emphasis provided). (Hulett Dep., Ex. 7, UH25-26)

The interpretation of Part 4 of the policy is crucial to TEC's case. The term "at once" is an ambiguous term as it does not specify any length of time.

**TEC's Request at Hulett Deposition**.

At his deposition, Hulett testified that notice given two years after an occurrence may be proper under the policy. (Hulett Dep. p.53). Pertinent excerpts of Hulett's deposition are attached hereto as Exhibit "A." Accordingly, Jonathan Karmel, TEC's attorney who took the deposition of Hulett, made the following request of United Wisconsin's attorney:

> "Q.  Okay. I guess my question is has United Wisconsin applied this interpretation of the at once provision in a uniform way do you think?
>
> A.  Yes.
>
> MR. KARMEL:  I'm going to request-- and we hadn't done this previously-- copies of declination letters from United Wisconsin to any insured for the last three years related to a timeliness issue." (Hulett Dep. p.55).

**United Wisconsin's Response.**

In response to Jonathan Karmel's request, United Wisconsin's attorney stated:

> "MS. KNIGHT:  As I said, I think those discovery requests are outside of the scope of this deposition, but we can certainly follow up on any discovery issues outside of the deposition."  (Hulett Dep. pp.55-56).

Jody Knight, Esq. never objected to TEC's discovery request. Her colleague, Ellen Emery, objected to the request for the first time on July 24, 2008, four days prior to the discovery cutoff date and seventeen days after the request was first made. In the period between July 7, 2008 and July 24, 2008, there was no indication that United Wisconsin intended to object to the request.

**I.**

**UNITED WISCONSIN DID NOT OBJECT TO
TEMPERATURE EQUIPMENT CORPORATION'S
REQUEST FOR DECLINATION OF COVERAGE LETTERS
UNTIL FOUR DAYS PRIOR TO THE CUTOFF DATE**

At the Hulett deposition United Wisconsin's attorney, Jody Knight, Esq., responded as follows to Jonathan Karmel's request for United Wisconsin letters declining coverage:

> ". . . we can certainly follow up on
> any discovery issues outside the
> deposition."

Indeed, despite a follow up letter and phone conversation, United Wisconsin's attorneys did not object to the request until July 24, 2008, four days prior to the discovery cutoff date, when Ellen Emery, Esq. indicated for the first time that she would not produce the letters requested by TEC.[1]

**II.
OTHER CLAIMS INFORMATION
IS RELEVANT AND DISCOVERABLE**

Pursuant to Rule 26 of the Federal Rules of Civil Procedure parties may obtain "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." F.R.Civ.P.26(b)(1).  United Wisconsin's requirement that its insured tell it "at once" if an injury occurs is an ambiguous provision believes it does not specify any length of time.  Ambiguous insurance provisions are proper subjects of discovery and, accordingly, United Wisconsin's

---

[1]The deposition of Dennis Hulett did not occur earlier in discovery because TEC did not receive United Wisconsin's production until United Wisconsin was ordered to do so by June 10, 2008 by United States District Judge Darrah (Docket No. 20). United Wisconsin, thereafter, advised TEC's counsel that Hulett was first available on July 7, 2008.

construction of its "at once" provision was a proper subject of discovery and TEC's request at Hulett's deposition sought relevant evidence regarding an ambiguous provision. See Zurich American Ins. Co. v. ABM Industries, Inc., 397 F.3d 158, 162 (2nd Cir. 2005).

Furthermore, discovery pertaining to other insureds has been held to be relevant and discoverable information. See Champion International Corporation v. Liberty Mutual Insurance Company, 128 F.R.D. 608 (S.D.N.Y. 1989) (Judge recognized relevance of similar claims information and directed defendants to produce witnesses to explore feasibility of sampling); Stonewall Ins. Co. v. National Gypsum Co., 1988 U.S. Dist. LEXIS 9938 (S.D.N.Y. Sept. 5, 1988) (Judge affirmed limited discovery of other claims and other insured's claims information in action concerning ambiguous policy term).

Finally, other claims information has been held to be relevant in insurance matters -- in lawsuits asserting bad faith and lawsuits asserting unfair claims practices. See Tomlinson v. Allstate Indem. Co., 2007 U.S. Dist. LEXIS 9213 (E.D. La. 2007) (upholding order compelling Allstate to produce list of all lawsuits filed against it by Jefferson Parish homeowners as a result of Hurricane Katrina); Dudenhefer v. State Farm Fire and Casualty Co., 2007 U.S. Dist. LEXIS 37627 (E.D. La. May 23, 2007) (upholding order directing State Farm to produce bad faith claims asserted against it by St. Bernard Parish residents).

All of the cases cited above support TEC's position that other claims information is relevant evidence under Rule 26 of the Federal Rules of Civil Procedure.

In the case at bar, TEC requested that United Wisconsin produce letters to other insureds for the last three years declining coverage on the basis of timeliness. This information is relevant to United Wisconsin's construction of an ambiguous policy provision which requires the insured notify its carrier "at once if injury occurs that may be covered by ths policy." Hulett of United Wisconsin,

**Memorandum of Law**

testified that notice two years after an injury could constitute proper notice. Review of other circumstances declining coverage on the basis of timeliness would disclose how the policy provision at issue has been interpreted and applied by United Wisconsin. TEC is entitled to this information as it goes to the heart of this case-- whether TEC is covered by the policy because its notice to United Wisconsin was sufficient.

## CONCLUSION

For all of the reasons set forth herein, this Court should compel production of the documents sought by TEC and extend the discovery cutoff date to allow further discovery.

                Respectfully submitted,

                /s/ Jonathan D. Karmel
                Jonathan D. Karmel
                One of the Attorneys for Defendant,
                Temperature Equipment Corporation

Jonathan D. Karmel
Mindy Kallus
THE KARMEL LAW FIRM
221 North LaSalle Street
Suite 1414
Chicago, IL 60601
(312) 641-2910

**CERTIFICATE OF SERVICE**

I hereby certify that on August 18, 2008, I electronically filed Supplemental Memorandum of Law in Support of Temperature Equipment Corporation's Motion to Compel using the CM/ECF system which will send notification of such filing to the following:

>Ellen K. Emery
>Ancel, Glink, Diamond, Bush, DiCaianni & Krafthefer, P.C.
>140 South Dearborn Street, Sixth Floor
>Chicago, Illinois 60603

>/s/ Jonathan D. Karmel
>Jonathan D. Karmel
>Attorney for Defendant,
>Temperature Equipment Corp.

Jonathan D. Karmel
Mindy Kallus
THE KARMEL LAW FIRM
221 North LaSalle Street, Suite 1414
Chicago, IL 60601
(312) 641-2910